UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Calvary Mission,

        Plaintiff,

  v.  **ORDER**
                             Civil No. 07-1763 ADM/AJB

David McCalip and as agent for
Veterans Affairs,

        Defendant.

_____

Plaintiff made no appearance.

Christina M. Weber, Esq., Wilford & Geske, P.A., Minneapolis, MN, argued on behalf of Defendant.

_____

      Oral argument was heard this morning before the undersigned United States District Judge on Defendant David McCalip's ("Defendant") Motion to Dismiss [Docket No. 7]. In its Complaint [Docket No. 1], Plaintiff Calvary Mission ("Plaintiff") alleges that Defendant violated its due process rights because "Plaintiff was never notified of any action by the defendant for the seizure of the church's property . . . as per the quit-claim deed hereby attached." However, public records of the Dakota County Recorder indisputably show that Plaintiff is not entitled to relief.[1]

      Under Minnesota law, "[t]he record . . . of any instrument properly recorded shall be taken and deemed notice to the parties." Minn. Stat. § 507.32. Plaintiff received its quit-claim deed to certain property on September 28, 2005. Compl. Attach. 1. Under Minn. Stat. § 507.32,

---

[1] On a motion to dismiss, a court may consider documents attached to the complaint and matters of public record referenced in the complaint. Katun Corp. v. Clarke, 484 F.3d 972, 975 (8th Cir. 2007).

Plaintiff had constructive notice of the previously recorded mortgage instrument on the property. See Weber Decl. [Docket No. 9] Exs. 2-3.  Further, Plaintiff did not record its quit-claim deed until October 10, 2006.  Prior to that date, a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage and an Assignment of Sheriff's Certificate of Sale were properly recorded on the property.  Id. Exs. 5, 10.

On this record, Plaintiff's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (stating that a complaint must allege "enough facts to state a claim to relief that is plausible on its face").  Plaintiff failed to make any legal arguments in response to Defendant's Motion, and Plaintiff did not appear at oral argument. Accordingly, Plaintiff's Complaint is dismissed with prejudice.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Docket No. 7] is **GRANTED**;
2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 21, 2007.